LAURA E. DUFFY
United States Attorney
ROSA P. CATANIA
Special Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7726
Facsimile:   (619) 546-7751
email: Rosa.Catania@usdoj.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. **'12CV0585 BTM WVG** |
| | ) | |
| Petitioner, | ) | **PETITION TO ENFORCE INTERNAL** |
| | ) | **REVENUE SERVICE SUMMONS** |
| v. | ) | |
| | ) | Date: May 18, 2012 |
| | ) | Time: 2:00 p.m. |
| GAIL L. RIDLEY, | ) | Crtrm: 15 |
| | ) | The Honorable Barry T. Moskowitz |
| Respondent. | ) | |
| | ) | |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Rosa P. Catania, Special Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summonses described below and, in support thereof, alleges as follows:

1.  This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2.  Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3.  Venue is proper in the Southern District of California because Gail L. Ridley ("Respondent") is found within this district.

///

4. At all times relevant, L. Loftesnes, who served the summonses on Respondent, and Roxanna Acosta, who is the officer currently handling the case, were Revenue Officers with the IRS, employed in the Small Business/Self-Employed Division of the IRS in San Diego, California, and were authorized to take testimony and receive documents requested in the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. See Declaration of Revenue Officer Roxanna Acosta at ¶ 2 ("Acosta Decl.").

5. Respondent can be found at 2461 Wind River Rd., El Cajon, California 92019, which is within the geographical jurisdiction of this Court.

6. On June 17, 2011, Revenue Officer Loftesnes issued two IRS Summonses, IRS Form 6637 ("Collection Summons") and IRS Form 6638 ("Income Tax Return Summons"). Both summonses directed Respondent to appear before her on July 14, 2011 in order to give testimony and produce for examination documents and records specified in the Summonses. Acosta Decl. at ¶¶ 5, 7. The Collection Summons relates to an investigation of Respondent's ability to pay the income tax liability assessed against her for the 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010 tax years and the Income Tax Return Summons relates to an investigation of Respondent's delinquent tax returns for the 2007, 2008, 2009, and 2010 tax years. Acosta Decl. at ¶¶ 3, 5. Copies of the Summonses are attached to Acosta Decl. as Exhibit A- B.

7. On June 21, 2011, in accordance with 26 U.S.C. § 7603, Revenue Officer Loftesnes served the summonses on Respondent by hand-delivering an attested copy to Respondent. Acosta Decl. at ¶ 6. Copies of the Certificate of Services are attached to the Acosta Declaration as Exhibits C- D.

8. On July 14, 2011, Respondent did not appear before Revenue Officer Loftesnes in response to either Summons and did not provide any of the books, papers, records, or other data sought by the summonses. Acosta Decl. at ¶ 8.

9. At Revenue Officer Loftesnes' request, Heather K. McCluskey, an attorney with the IRS Office of Chief Counsel sent two letters to Respondent providing her with another opportunity to comply with the summonses and directed her to appear before Revenue Officer Loftesnes on September 19, 2011, at 10:00 a.m. and 11:00 a.m. Acosta Decl. at ¶ 9. A copy of the letters are attached to the Acosta Declaration as Exhibits E and F.

10. Respondent did not appear on September 19, 2011, and did not provide any of the summonsed information. Acosta Decl. at ¶ 10.

11. When Respondent failed to appear for the second time, Revenue Officer Loftesnes requested that IRS Office of Chief Counsel refer this case to the U.S. Attorney's Office for enforcement of the summonses. Id. at ¶ 9.

12. After referring the case to the U.S. Attorney's Office, Revenue Officer Loftesnes took extended leave and Revenue Officer Acosta was assigned to handle this matter. Id. at ¶4.

13. On January 11, 2012, at Revenue Officer Acosta's request, Raven M. Norris, the Assistant U.S. Attorney handling the case at the time, sent a letter to Respondent directing her to comply with the issued summonses and to appear before Revenue Officer Acosta on February 8, 2012. Id. at ¶ 10. A copy of the letter is attached to the Acosta Declaration as Exhibit G.

14. On January 28, 2012, Respondent sent a letter to Ms. Norris requesting a 60 day extension of the deadline. Id. at ¶ 12, Exhibit H. Ms. Norris denied Respondent's request for a 60 day extension in a letter dated February 2, 2012, but provided Respondent additional time to comply and required Respondent to appear before Revenue Officer Acosta on February 23, 2012. Id. at ¶ 13, Exhibit I.

15. On February 23, 2012, Respondent and a second individual appeared in response to the issued summonses. Acosta Decl. at ¶ 14. Respondent also requested that her consultant, Marc Stevens, appear by telephone. Id. At the interview, Respondent refused to provide any of the testimony or documents requested by the summonses. Id. Rather, Mr. Stevens asserted on Respondent's behalf that Respondent had no obligation to comply because the issued summonses were invalid. Id. Mr. Stevens also requested, and was given, additional time to provide a written response supporting Respondent's position. Id.

16. On February 29, 2012, Ms. Norris received a letter from Respondent challenging the validity of the issued summonses. Id. at ¶15, Exhibit J. Respondent asserted that the IRS is required to provide evidence and witnesses demonstrating that she is a taxpayer with taxable income in order to show that the summonses were issued in good faith. Id.

17. In a letter dated March 5, 2012, Ms. Norris informed Respondent that her letter had been received and reviewed by the Government. Acosta Decl. at ¶16, Exhibit K. Ms. Norris also informed Respondent that the Government had determined that her response was without merit as the summonses were properly issued and the IRS is entitled to the documents and testimony requested by the summonses under the law. Id.

18. To date, Respondent has not provided the IRS with any of the information requested by the issued summonses. Acosta Decl. at ¶ 17.

19. All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken. Acosta Decl. at ¶ 19.

20. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration of the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls upon the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995). In sum, the court must enforce the summons unless the evidence sought is "plainly incompetent or irrelevant to any lawful purpose of the agency." E.E.O.C. v. Karuk Tribe Housing Auth., 260 F.3d 1071, 1076 (9th Cir. 2001) (citation omitted).

21. Prior to taking medical leave, Revenue Officer Loftesnes was conducting an investigation to determine Respondent's ability to pay assessed income tax liabilities for the 2003, 2004, 2005, 2006,

2007, 2008, 2009, and 2010 tax years and to determine Respondent's tax liability for the tax years 2007, 2008, 2009, and 2010 tax years. Acosta Decl. at ¶ 3. Officer Acosta is now continuing the investigation. Id. at ¶4.

22.    The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). The purpose for issuing a summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). Therefore, Revenue Officer Acosta's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

23.    Further, the testimony, books, papers, records, and other data sought by the issued summonses are not already in the possession of the IRS. Acosta Decl. at ¶ 18.

24.    Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

25.    The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summonsed information may "throw light upon" the subject of the investigation. United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summonsed records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period. The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes. 26 U.S.C. § 7601(a).

5

26. Under the instant circumstances, it is clear that the summonsed material is relevant. One purpose of Revenue Officer Acosta's investigation is to determine Respondent's ability to pay the income tax liabilities assessed against her. Another purpose of the investigation is to determine Respondent's tax liability for the 2007, 2008, 2009, and 2010 tax years. The summonses seek, among other things, "all documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the tax payers benefit [including]. . . all bank statements, checkbooks, cancelled checks, savings account passbooks, records, or certificates of deposit . . . " Acosta Decl. at Exhibit A. The documents sought by these summonses are relevant to the determination of the collectibility of the income tax liability assessed against Respondent. Acosta Decl. at ¶ 20.

27. There is no Department of Justice referral in effect with respect to Respondent. Acosta Decl. at ¶ 21.

WHEREFORE, the United States requests that:

1. The Court enter an order directing Respondent, Gail L. Ridley, to show cause, if any, why she should not comply with and obey the Collection Summonses served on June 21, 2011, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summonses before Revenue Officer Acosta, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Officer Acosta or any other proper officer or employee of the IRS.

2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3. That the Court grant such other and further relief as may be required.

DATED: March 8, 2012                    Respectfully Submitted,

                                        LAURA E. DUFFY
                                        United States Attorney

                                        s/ Rosa P. Catania
                                        _____
                                        ROSA P. CATANIA
                                        Special Assistant United States Attorney
                                        Attorneys for Petitioner
                                        E-Mail: rosa.catania@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The United States of America

### DEFENDANTS
Gail L. Ridley

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12CV0585 BTM WVG**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rosa P. Catania, Special Assistant U.S. Attorney; Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego,

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | [X] 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summonses

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 03/08/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Rosa P. Catania

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____