LAURA E. DUFFY
United States Attorney
ROSA P. CATANIA
Special Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7726
Facsimile:  (619) 546-7751
email: Rosa.Catania@usdoj.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **'12CV0585 BTM WVG** |
| Petitioner, | DECLARATION OF REVENUE OFFICER R. ACOSTA |
| v. | |
| GAIL L. RIDLEY, | |
| Respondent. | |

I, R. Acosta, a Revenue Officer herein, declare:

1. At all times mentioned herein, I was a duly commissioned Revenue Officer employed in the small business/self-employed division of the Internal Revenue Service ("IRS"), with a post of duty at San Diego, California.

2. At all times mentioned herein, L. Loftesnes ("Ms. Loftesnes") was a duly commissioned Revenue Officer employed in the small business/self-employed division of the Internal Revenue Service ("IRS), with a post of duty at San Diego, California.

3. In her capacity as a Revenue Officer, Ms. Loftesnes was conducting an investigation with respect to Respondent Gail L. Ridley's ("Respondent") ability to pay her individual income tax liabilities for the 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010 tax years and with respect to Respondent's delinquent tax returns for the 2007, 2008, 2009, and 2010 tax years.

4. I was assigned to handle this matter while Ms. Loftesnes is on medical leave. I have reviewed the files associated with this matter and am competent to testify as to the formal matters involved herein.

5. In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, on June 17, 2011, Ms. Loftesnes issued two Collection Information Statements ("Collection Summonses"), IRS Form 6637, to Respondent in connection with the investigations set forth above. The summonses required Respondent to give testimony and produce for examination documents and records described in the summonses. A true and correct copy of the Collection Summonses are attached this declaration to as Exhibits A and B.

6. On June 21, 2011, Ms. Loftesnes served the Collection Summonses on Respondent in accordance with 26 U.S.C. § 7603, by hand-delivering an attested copy of the summonses to Respondent. A true and correct copy of the Certificate of Services relating to the Summonses are attached to this Declaration as Exhibits C and D.

7. The summonses called for the Respondent to appear before Ms. Loftesnes at 3:00 p.m and 4:00 p.m. on July 14, 2011.

8. Respondent did not appear on July 14, 2011 and did not provide any of the summonsed information.

9. On August 18, 2011, at Ms. Loftesnes' request, Heather K. McCluskey, an attorney with the IRS Office of Chief Counsel, sent two letters to Respondent directing her to comply with the Collection Summonses and to appear before Ms. Loftesnes on September 19, 2011, at 10:00 a.m. and 11:00 a.m. at 880 Front Street, Suite 3295, in San Diego, California. Ms. Loftesnes received, reviewed, and maintained a copy of the letters for her records. A true and correct copy is also attached to this Declaration as Exhibit E and F.

10. Respondent failed to appear on September 19, 2011 and failed to provide any of the summonsed information.

///

///

///

11.     On January 11, 2012, at my request, Raven M. Norris, the Assistant U.S. Attorney handling the case, sent a letter to Respondent directing her to comply with the Collection Summons and to appear before me on February 8, 2012, at 9:00 a.m. at 880 Front Street, Suite 3295, in San Diego, California. I received, reviewed and maintained a copy of the letter for my records. A true and correct copy is also attached as Exhibit G.

12.     On January 28, 2012, Respondent sent a letter to Ms. Norris requesting a 60 day extension of the deadline. I received, reviewed and maintained a copy of the letter for my records. A true and correct copy is also attached as Exhibit H.

13.     In a letter dated February 2, 2012, Ms. Norris denied Respondent's request for a 60 day extension but provided Respondent some additional time and required Respondent to appear before me on February 23, 2012. I received, reviewed and maintained a copy of the letter for my records. A true and correct copy is also attached as Exhibit I.

14.     On February 23, 2012, Respondent and a second individual appeared before me in response to the IRS Summons. Respondent also requested that her consultant, Marc Stevens, appear by telephone. At the interview, Respondent refused to provide any of the testimony or documents requested by the IRS Summons. Rather, Mr. Stevens argued on Respondent's behalf that Respondent had no obligation to comply because the issued Collection Summonses were invalid. Mr. Stevens also requested and was given additional time to provide a written response supporting Respondent's position.

15.     On February 29, 2012, Ms. Norris received a letter from Respondent challenging the validity of the IRS Summons. Respondent asserted her position that the IRS is required to provide evidence and witnesses demonstrating that she is a taxpayer with taxable income, in order to show that the Summonses were issued in good faith. I received, reviewed and maintained a copy of the letter for my records. A true and correct copy is also attached as Exhibit J.

16.     In a letter dated March 5, 2012, Ms. Norris informed Respondent that her letter had been received and reviewed by the Government. Ms. Norris asserted that Respondent's position was without merit because the Summonses were properly issued and the IRS is entitled to the documents and testimony requested by the Summonses under the law. I received, reviewed and maintained a copy of the letter for my records. A true and correct copy is also attached as Exhibit K.

1  17.  To date, Respondent has not provided the IRS with any of the testimony or documents requested in the Collection Summonses.

  18.  The testimony, books, papers, records and other data sought by the Collection Summonses are not already in the possession of the IRS.

  19.  All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken.

  20.  It is necessary to obtain the testimony and to examine the books, papers, records, and other data sought by the Collection Summonses, Exhibit A, in order to determine Respondent's ability to pay her outstanding income tax liabilities for the 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010 tax years and in order to determine Respondent's tax liability for the 2007, 2008, 2009, and 2010 tax years.

  21.  There is no Department of Justice referral in effect with respect to Respondent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief, and based upon records maintained in the ordinary course of business.

Executed this 5 day of March 2012

R. ACOSTA
Revenue Officer
Internal Revenue Service